# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:05-cr-00240-LSC-JEO |
| MARIO FARRELL WAYBRIGHT, | ) ) ) | |
| Defendant/Movant. | ) | |

### MEMORANDUM OF OPINION AND ORDER

On May 2, 2019, Defendant Mario Waybright ("Waybright") filed a *pro se* letter/motion seeking to expunge his criminal record. (Doc. 24.) For the reasons set forth below, the motion is due to be denied.

## I. Background

On June 3, 2005, Waybright was charged with one count of possession with the intent to distribute a cocaine mixture in violation of 21 U.S.C. § 841(a)(1). He pleaded guilty and was sentenced to 30 months imprisonment. According to his motion, he served his sentence and has been released from custody.

## II. Discussion

Waybright seeks the expungement of his criminal record because his status as a convicted felon has made it difficult for him to re-enter society. He cites his inability

to vote as well as his difficulty accessing employment, housing, and other opportunities due to the proliferation of background checks that reveal his criminal history.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is no federal statute or regulation that authorizes courts to expunge a federal offense. However, in *Kokkonen*, the Supreme Court established a two-part test for determining if a matter falls within a district court's ancillary jurisdiction. *Id.* at 379–80. The first part of this test requires that the claims before the court are "factually interdependent." *Id.* The second part requires that the exercise of ancillary jurisdiction be necessary for the court to "function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.*

The Eleventh Circuit's unpublished decision in *United States v. Adalikwu*, 757 F. App'x 909 (11th Cir. 2018), while not binding, is instructive. In *Adalikwu*, the defendant moved the district court to expunge records of his arrest and conviction because, among other things, the conviction damaged his reputation and made it more difficult to find work. The Eleventh Circuit affirmed the district court's denial of the motion, applying *Kokkonen*'s two-part test and holding that the district court

lacked ancillary jurisdiction over the motion. *See id.* at 912. The court reasoned that the grounds for the expungement request and the facts of the defendant's arrest and conviction were "in no way interdependent" because "[e]verything [defendant] complain[ed] of, including the damage to his reputation and the increased difficulty in finding work, arose *after* his arrest and conviction and [we]re entirely external to the criminal case itself." *Id.* at 912. Moreover, the court reasoned that "the power to expunge judicial records on equitable grounds is not incidental to the court's ability to function successfully as a court." *Id.* (quoting *United States v. Wahi*, 850 F.3d 296, 302 (7th Cir. 2017)). This was because expungement was "not needed to enable the court to 'manage its proceedings,'" as the defendant's proceedings had concluded. *Id.* (quoting *Kokkonen*, 511 U.S. at 379–80).[1]

Just as in *Adalikwu*, the grounds for Waybright's expungement request and the facts of his arrest and conviction are "in no way interdependent" because everything he complains of, including his inability to vote and increased difficulty in finding work and housing, arose after his arrest and conviction and are entirely external to his criminal case. *See id.* Moreover, the authority to expunge criminal

---

[1] Other Circuits have adopted this view and concluded that courts lack ancillary jurisdiction to order the expungement of criminal records on equitable grounds. *See, e.g.*, *Wahi*, 850 F.3d at 298; *Doe v. United States*, 833 F.3d 192, 194 (2d. Cir. 2016); *United States v. Lucido*, 612 F.3d 871, 875 (6th Cir. 2010); *United States v. Coloian*, 480 F.3d 47, 52 (1st Cir. 2007); *United States v. Meyer*, 439 F.3d 855, 862 (8th Cir. 2006); *United States v. Dunegan,* 251 F.3d 477, 479 (3rd Cir. 2001).

records on equitable grounds "is not incidental to the court's ability to function successfully as a court." *Id.* In the present case, expungement is not needed to enable the court to "manage its proceedings" because Waybright's proceedings are over. He was charged, he pleaded guilty, and he served his sentence. Accordingly, this Court lacks subject matter jurisdiction over his motion.

### III. Conclusion

For the reasons explained above, Waybright's motion is DENIED.

**DONE** and **ORDERED** on August 4, 2020.

_____
L. Scott Coogler
United States District Judge

199335